1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   CRAIG A. BASSHAM
6

**Filed**

SEP 1 1 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Fee paid
SI
(99)

7
8      **IN THE UNITED STATES DISTRICT COURT**
9      **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
       **SAN JOSE DIVISION**

10  CRAIG A. BASSHAM,                    Case No. CV12-04743 PSG
11                    Plaintiff,
12          v.                            **COMPLAINT**

13  HUNT & HENRIQUES, a general          **DEMAND FOR JURY TRIAL**
14  partnership, MICHAEL SCOTT HUNT,
    individually and in his official capacity, and    15 United States Code § 1692 *et seq.*
15  JANALIE ANN HENRIQUES, individually
    and in her official capacity,
16
17                    Defendants.

18          Plaintiff, CRAIG A. BASSHAM, based on information and belief and investigation of counsel,

19  except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on

20  personal knowledge), hereby makes the following allegations:

21
22                              **I. INTRODUCTION**

23          1.    This is an action for actual damages, statutory damages, attorney fees and costs

24  brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act,

25  15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in

26  abusive, deceptive and unfair practices.

27  ///

28

- 1 -
COMPLAINT

1  2.    According to 15 U.S.C. § 1692:

2          a.    There is abundant evidence of the use of abusive, deceptive, and unfair debt

3  collection practices by many debt collectors.  Abusive debt collection practices contribute to the

4  number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of

5

6  individual privacy.

7          b.    Existing laws and procedures for redressing these injuries are inadequate to

8  protect consumers.

9          c.    Means other than misrepresentation or other abusive debt collection

10  practices are available for the effective collection of debts.

11

12          d.    Abusive debt collection practices are carried on to a substantial extent in

13  interstate commerce and through means and instrumentalities of such commerce.  Even where

14  abusive debt collection practices are purely intrastate in character, they nevertheless directly

15  affect interstate commerce.

16          e.    It is the purpose of this title to eliminate abusive debt collection practices by

17  debt collectors, to insure that those debt collectors who refrain from using abusive debt

18

19  collection practices are not competitively disadvantaged, and to promote consistent State action

20  to protect consumers against debt collection abuses.

21

22                              **II.  JURISDICTION**

23  3.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

24  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

25  4.    This action arises out of Defendants' violations of the Fair Debt Collection

26

27  Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

28  / / /

### III. VENUE

5.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

6.    This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

### V. PARTIES

7.    Plaintiff, CRAIG A. BASSHAM (hereinafter "Plaintiff"), is a natural person residing in Riverside County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

8.    Plaintiff is informed and believes, and thereon alleges that Defendant, HUNT & HENRIQUES (hereinafter "H&H"), is or was at all relevant times, a general partnership engaged in the business of collecting debts in this state with its principal place of business located at: 151 Bernal Road, Suite 8, San Jose, California 95119-1306. H&H may be served as follows: Hunt & Henriques, c/o Michael Scott Hunt, General Partner, 151 Bernal Road, Suite 8, San Jose, California 95119-1306 and as follows: Hunt & Henriques, c/o Janalie Ann Henriques, General Partner, 151 Bernal Road, Suite 8, San Jose, California 95119-1306. The principal business of H&H is the collection of debts using the mails and telephone, and H&H regularly attempts to collect debts alleged to be due another. H&H is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

9.    Defendant, MICHAEL SCOTT HUNT (hereinafter "HUNT"), is a natural person and licensed attorney in the state of California.  HUNT may be served at his current business address at: Michael Scott Hunt, Hunt & Henriques, 151 Bernal Road, Suite 8, San Jose, California  95119-1306. The principal purpose of HUNT's business in the collection consumer debts due or alleged to be due another.   HUNT is regularly engaged in the business of collecting consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and internet.  HUNT is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

10.    Defendant, JANALIE ANN HENRIQUES (hereinafter "HENRIQUES"), is a natural person and licensed attorney in the state of California.  HENRIQUES may be served at her current business address at:  Janalie Ann Henriques, Hunt & Henriques, 151 Bernal Road, Suite 8, San Jose, California  95119-1306.   The principal purpose of HENRIQUES' business in the collection consumer debts due or alleged to be due another.  HENRIQUES is regularly engaged in the business of collecting consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and internet. HENRIQUES is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

11.    At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture.  Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI.  FACTUAL ALLEGATIONS

12.    On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation,

1   namely a consumer credit account issued by Capital One Bank (USA), N.A. (hereinafter "the debt").

2   The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as

3   that term is defined by 15 U.S.C. § 1692a(5).

4
5          13.    Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on

6   a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendants for

7   collection from Plaintiff.

8          14.    On or about December 9, 2011, Defendants filed a lawsuit against Plaintiff in the

9   Superior Court of California, Riverside County captioned *Capital One Bank (USA), N.A. v. Craig A.*

10  *Bassham*, Case No. RIC1119712 (hereinafter the "*Capital One v. Bassham* complaint"), which sought

11  to collect $4,083.66 in damages.

12
13         15.    A true and accurate copy of the *Capital One v. Bassham* complaint is attached

14  hereto, marked Exhibit "1," and by this reference is incorporated herein.

15         16.    The *Capital One v. Bassham* complaint (Exhibit "1") stated as follows:

16
17  Plaintiff (name): CAPITAL ONE BANK (USA), N.A. alleges that defendant (name):
    CRAIG A BASSHAM became indebted to plaintiff within the last four years on an open
18  book account for money due.

19         17.    The *Capital One v. Bassham* complaint (Exhibit "1") stated as follows:

20
    Plaintiff (name): CAPITAL ONE BANK (USA), N.A. alleges that defendant (name):
21  CRAIG A BASSHAM became indebted to plaintiff within the last four years because an
    account was stated in writing by and between plaintiff and defendant in which it was
22  agreed that defendant was indebted to plaintiff.

23         18.    The *Capital One v. Bassham* complaint (Exhibit "1") stated as follows:

24
    Plaintiff (name): CAPITAL ONE BANK (USA), N.A. alleges that defendant (name):
25  CRAIG A BASSHAM became indebted to plaintiff within the last four years for money
    had and received by defendant for the use and benefit of plaintiff for work, labor,
26  services and materials rendered at the special instance and request of defendant and for
    which defendant promised to pay plaintiff.
27
28         19.    The *Capital One v. Bassham* complaint (Exhibit "1") stated as follows:

Plaintiff (name): CAPITAL ONE BANK (USA), N.A. alleges that defendant (name): CRAIG A BASSHAM became indebted to plaintiff within the last four years for money lent by plaintiff to defendant at defendant's request.

20. The *Capital One v. Bassham* complaint (Exhibit "1") stated as follows:

Plaintiff (name): CAPITAL ONE BANK (USA), N.A. alleges that defendant (name): CRAIG A BASSHAM became indebted to plaintiff within the last four years for money paid, laid out, and expended to or for defendant at defendant's special instance and request.

21. As a result of the *Capital One v. Bassham* complaint (Exhibit "1"), Plaintiff was required to retain legal counsel at his own expense thereby incurring actual damages in the form of attorney fees and costs.[1]

22. Capital One Bank (USA), N.A., is a national banking association with its principal offices located at: 4851 Cox Road, Glen Allen, Virginia 23060.

23. The Customer Agreement between Plaintiff and Capital One Bank (USA), N.A., states in relevant part as follows:

Governing Law: WE MAKE THE DECISION TO GRANT CREDIT, OPEN AN ACCOUNT AND ISSUE YOU A CREDIT CARD FROM OUR OFFICES IN VIRGINIA. This Agreement is to be construed in accordance with and governed by the laws of the United States of America and by the internal laws of the Commonwealth of Virginia without giving effect to any choice of law rule that would cause the application of the laws of any jurisdiction other than the laws of the United States of America or the internal laws of the Commonwealth of Virginia to the rights and duties of the parties. This Agreement is made in Virginia. It will be governed only by Federal law and Virginia law (to the extent not preempted by Federal law). If a court decides not to enforce a part of this Agreement, this Agreement will then read as if the unenforceable or invalid part were not there, but the remaining parts will remain in effect.

24. The Virginia statute of limitations for breach of a credit card agreement is three years. See, Va. Code Ann. § 8.01-246(4).

[1] See, *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005) (the attorney fees and cost incurred defending a state court lawsuit are properly awarded as actual damages under 15 U.S.C. § 1692k(a)(1), and not under 15 U.S.C. § 1692k(a)(3)); *Lowe v. Elite Recovery Solutions L.P.*, 2008 U.S. Dist. LEXIS 8353, at *9 (E.D. Cal. Feb. 4, 2008) (awarding attorney fees court costs incurred defending state court action as actual damages under 15 U.S.C. § 1692k).

25.    Capital One Bank (USA), N.A.'s claims against Plaintiff accrued more than three years prior to the filing of the *Capital One v. Bassham* complaint (Exhibit "1"). "A debt collector violates the FDCPA by using the courts to attempt to collect a time-barred debt."[2]

26.    The *Capital One v. Bassham* complaint (Exhibit "1") misrepresented the character, amount and legal status of the debt.

27.    Plaintiff is informed and believes, and thereon alleges, that Defendants have filed and served standard form complaints in the form of Exhibit "1" on more than 40 persons in California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

28.    Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

29.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

30.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

31.    Defendant, H&H, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

32.    Defendant, HUNT, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

33.    Defendant, HENRIQUES, is a "debt collector" as that term is defined by the

---

[2]    *McCollough v. Johnson, Rodenberg & Lauinger*, 587 F. Supp. 2d 1170, 1176 (D. Mont. 2008) (affirmed by *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011)).

1  FDCPA, 15 U.S.C. § 1692a(6).

2       34.    The financial obligation owed by Plaintiff is a "debt" as that term is defined by the

3  FDCPA, 15 U.S.C. § 1692a(5).

4       35.    Defendants have violated the FDCPA. The violations include, but are not limited

5
6  to, the following:

7       a.    Defendants made and used false, deceptive and misleading representations

8  in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

9       b.    Defendants misrepresented the character, amount or legal status of the debt,

10
11 in violation of 15 U.S.C. § 1692e(2)(A); and

12      c.    Defendants attempted to collect a debt that is known by Defendants to be

13 barred by the applicable statute of limitations, in violation of 15 U.S.C. § 1692f.

14      36.    Defendants' acts as described above were done intentionally with the purpose of

15 coercing Plaintiff to pay the debt.

16      37.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an

17
18 award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C.

19 § 1692k.

20              **VIII.  REQUEST FOR RELIEF**

21 Plaintiff requests that this Court:

22      a)   Assume jurisdiction in this proceeding;

23
24      b)   Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§

25           1692e, 1692e(2)(A), 1692e(10), and 1692f;

26      c)   Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15

27           U.S.C. § 1692k(a)(1);

28

d) Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3); and

f) Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
CRAIG A. BASSHAM

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CRAIG A. BASSHAM, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

- 9 -
COMPLAINT

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*<br>HUNT & HENRIQUES, Attorneys at Law<br>Michael S. Hunt, ESQ.    #99804<br>Janalie Henriques, ESQ. #111589<br>151 Bernal Rd. STE 8,      San Jose, CA 95119-1306<br>TELEPHONE NO:   (408) 362-2270   FAX NO. *(OPTIONAL):* (408) 362-2299<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*    PLAINTIFF | FOR COURT USE ONLY<br><br>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br><br>DEC 09 2011 |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside CA 92501
BRANCH NAME: Riverside Division

PLAINTIFF:   CAPITAL ONE BANK (USA), N.A

DEFENDANT:   CRAIG A BASSHAM

[ ] DOES 1 TO _____

## CONTRACT

[X] COMPLAINT          [ ] AMENDED COMPLAINT *(Number):*

[ ] CROSS-COMPLAINT   [ ] AMENDED CROSS-COMPLAINT *(Number):*

| Jurisdiction *(check all that apply):*<br>[X] ACTION IS A LIMITED CIVIL CASE      $4,083.66<br>   Amount demanded [X] does not exceed $10,000<br>               [ ] exceeds $10,000, but does not exceed $25,000<br>[ ] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint<br>   [ ] from limited to unlimited<br>   [ ] from unlimited to limited | CASE NUMBER: RIC<br><br>1119712 |
|---|---|

1. PLAINTIFF* *(names):* CAPITAL ONE BANK (USA), N.A

alleges causes of action against DEFENDANT* *(names):*
CRAIG A BASSHAM
2. This pleading, including attachments and exhibits, consists of the following number of pages: 4
3. a. Each plaintiff named above is a competent adult
   [X] except plaintiff *(name):* CAPITAL ONE BANK (USA), N.A
      [ ] a corporation qualified to do business in California
      [ ] an unincorporated entity *(describe):*
      [X] other *(specify):* a National Association

   b. [ ] Plaintiff *(name):*
      [ ] has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

      [ ] has complied with all licensing requirements as a licensed *(specify):*
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Complaint - Attachment 3c.

4. a. Each defendant named above is a natural person
   [ ] except defendant *(name):*                          [ ] except defendant *(name):*
      [ ] a business organization, form unknown                [ ] a business organization, form unknown
      [ ] a corporation                                        [ ] a corporation
      [ ] an unincorporated entity *(describe):*               [ ] an unincorporated entity *(describe):*

      [ ] a public entity *(describe):*                        [ ] a public entity *(describe):*

      [ ] other *(specify):*                                   [ ] other *(specify):*

*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.    Page 1 of 2

Form Approved for Optional Use                    **COMPLAINT - Contract**                    Code of Civ. Proc., § 425.12
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

EXHIBIT
1

PLD-C-001

| SHORT TITLE: CAPITAL ONE BANK (USA), N.A V. CRAIG A BASSHAM | CASE NUMBER: |
|---|---|

4. *(Continued)*
   b. The true names and capacities of defendants sued as Does are unknown to plaintiff.
     (1) [ ]  Doe defendants (specify Doe numbers): _____ were the agents or employees of the named
         defendants and acted within the scope of that agency or employment.
     (2) [ ]  Doe defendants (specify Doe numbers): _____ are persons whose capacities are unknown to
         plaintiff.
   c. [ ] Information about additional defendants who are not natural persons is contained in Complaint - Attachment 4c.
   d. [ ] Defendants who are joined pursuant to Code of Civil Procedure section 382 are *(names)*:


5. [ ] Plaintiff is required to comply with a claims statute, and
   a. [ ] plaintiff has complied with applicable claims statutes, or
   b. [ ] plaintiff is excused from complying because *(specify)*:


6. [ ] This action is subject to [ ] Civil Code section 1812.10 [ ] Civil Code section 2984.4.

7. This court is the proper court because
     a. [ ] a defendant entered into the contract here.
     b. [ ] a defendant lived here when the contract was entered into.
     c. [X ] a defendant lives here now.
     d. [ ] the contract was to be performed here.
     e. [ ] a defendant is a corporation or unincorporated association and its principal place of business is here.
     f. [ ] real property that is the subject of this action is located here.
     g. [ ] other *(specify)*:


8. The following causes of action are attached and the statements above apply to each (each complaint must have one or
   more causes of action attached):
    [X] Breach of Contract
    [X] Common Counts
    [ ] Other *(specify)*:


9. [ ] Other:


10. PLAINTIFF PRAYS for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. [X] damages of $ _4,083.66_
   b. [X] interest on the damages
     (1) [ ] according to proof
     (2) [X] at the rate of _0.0000_ percent per year from *(date)*: February 13, 2009
   c. [X] attorney fees
     (1) [ ] of $ _____
     (2) [X] according to proof.
   d. [ ] other *(specify)*:


11. [ ] The following paragraphs of this pleading are alleged on information and belief *(specify paragraph numbers)*:

Date: November 18, 2011
MICHAEL S. HUNT #99804  OR
JANALIE HENRIQUES  #111589            /S/ Janalie Henriques
_Anita H. Singh #270985_            _/S/ Anita H. Singh #270985_
(TYPE OR PRINT NAME)                     (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001(1)

| SHORT TITLE: CAPITAL ONE BANK (USA), N.A vs. CRAIG A BASSHAM | CASE NUMBER: |
|---|---|

FIRST _(number)_     CAUSE OF ACTION--Breach of Contract

ATTACHMENT TO [ X ] Complaint   [ ] Cross-Complaint

_(Use a separate cause of action form for each cause of action.)_

BC-1. Plaintiff _(name)_: CAPITAL ONE BANK (USA), N.A

[ X ] alleges that on or about _(date)_: August 13, 2001
a [ X ] written [ ] oral [ ] other _(specify)_:
agreement was made between _(name parties to agreement)_: CAPITAL ONE BANK (USA), N.A and/or its Assignor(s) AND CRAIG A BASSHAM
[ ] A copy of the agreement is attached as Exhibit A, or
[ X ] The essential terms of the agreement [ ] are stated in Attachment BC-1 [ X ] are as follows _(specify)_:
Defendant(s) are over the age of 18 and indebted to plaintiff for credit received through purchases/cash advances and/or monies loaned and received and furnished to the Defendant(s) by plaintiff, CAPITAL ONE BANK (USA), N.A. Defendant(s) agreed to pay these monies to plaintiff as provided for in the agreement between the parties. The terms and conditions under which defendant(s) agreed to repay the plaintiff for these monies are set forth in a written credit card and/or loan agreement between the parties. Defendant(s) indicated his/her/their/its consent to these terms either by an authorizing signature on the application and/or agreement or by defendant(s) use of the credit instrument and monies provided by the plaintiff.

BC-2. On or about _(dates)_: February 13, 2009
defendant breached the agreement by [ ] the acts specified in Attachment BC-2 [ X ] the following acts _(specify)_:
Defendant(s) failed to make payment on the account as agreed. Despite plaintiff's demand, defendant(s) have not repaid plaintiff for the charges made and/or the monies loaned. Defendant(s) remain in default. In the event of a default the agreement entitles plaintiff to the unpaid balance and attorney's fees and costs.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[ ] as stated in Attachment BC-4 [ X ] as follows _(specify)_:
Loss of use and benefit of plaintiff funds in the sum of $4,083.66 plus interest at the rate of 0.0000% per annum from February 13, 2009.

BC-5. [ X ] Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $
[ X ] according to proof.

BC-6. [ ] Other:

Page 3

CAUSE OF ACTION--Breach of Contract

Code of Civil Procedure, § 425.12

PLD-C-001(2)

| SHORT TITLE: CAPITAL ONE BANK (USA), N.A v. CRAIG A BASSHAM | CASE NUMBER: |
|---|---|

<u>SECOND</u>        **CAUSE OF ACTION - Common Counts**
*(number)*

ATTACHMENT TO   [ X ] Complaint   [   ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name):*
    CAPITAL ONE BANK (USA), N.A
    alleges that defendant *(name):*
    CRAIG A BASSHAM
    became indebted to   [ X ] plaintiff   [   ] other *(name):*

    a. [ X ] within the last four years
        (1) [ X ] on an open book account for money due.
        (2) [ X ] because an account was stated in writing by and between plaintiff and defendant in which it
            was agreed that defendant was indebted to plaintiff.

    b. [ X ] within the last   [   ] two years   [ X ] four years
        (1) [ X ] for money had and received by defendant for the use and benefit of plaintiff. for work, labor,
        (2) [   ] services and materials rendered at the special instance and request of defendant and for
        which
            defendant promised to pay plaintiff
            [   ] the sum of $
            [   ] the reasonable value.
        (3) [   ] for goods, wares, and merchandise sold and delivered to defendant and for which defendant
           promised to pay plaintiff
            [   ] the sum of $
            [   ] the reasonable value.
        (4) [ X ] for money lent by plaintiff to defendant at defendant's request.
        (5) [ X ] for money paid, laid out, and expended to or for defendant at defendant's special instance
        and
            request.
        (6) [   ] other *(specify):*

CC-2. $ 4,083.66        , which is the reasonable value, is due and unpaid despite plaintiff's demand,
    plus prejudgment interest   [   ] according to proof   [ X ] at the rate of   0.0000   percent per year
    from *(date):* February 13, 2009

CC-3. [ X ] Plaintiff is entitled to attorney fees by an agreement or a statute
        [   ] of $
        [ X ] according to proof.

CC-4. [   ] Other:

Page 4
Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2007]
**CAUSE OF ACTION - Common Counts**
Code of Civil Procedure, § 425.12

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
Riverside JUDICIAL DISTRICT

**STATEMENT OF LOCATION/VENUE**

CASE NAME: **CAPITAL ONE BANK (USA), N.A**
**V. CRAIG A BASSHAM**
CASE NUMBER:

Please check ONE of the following statements to indicate the
basis for your filing of the complaint in this Judicial District
and fill in the address.

_____ 1.   Cause of Action arose in this Judicial District.
Address of the cause of action is:

_____
Street                          City                     Zip Code

_____ 2.   Property located in this judicial district.  The
address of this property is:

_____
Street  .                       City                     Zip Code

_____ 3.   Tort occurred in this judicial district.  The
address of the tort is:

_____
Street (if known)    City                     Zip Code
(or nearest major intersection)

_____ 4.   Contract entered into or to be performed in this
judicial district.  The address where contract
entered into or to be performed is:

_____
Street (if known)    City                     Zip Code

XXX 5.   Defendant resides in this judicial district. The
address of the defendant is:
6363 CATSPAW DR RIVERSIDE CA 92505-2234
_____
Street                          City                     Zip Code

I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.

DATED: November 18, 2011      /S/ Janalie Henriques
                              /S/ Anita H. Singh #270985
                              Signature of Plaintiff's Attorney
                              HUNT & HENRIQUES